IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

JOHN DOE, on Behalf of Himself and Others
Similarly Situated,

        Plaintiff,

    v.

LEXISNEXIS RISK SOLUTIONS, INC., SEISINT
DECISION SERVICES, INC., and REED
ELSEVIER TECHNOLOGY SERVICES, INC.,

        Defendants.

Case No. 3:23-cv-00346

## PLAINTIFF JOHN DOE'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PROCEED IN PSEUDONYM AND FOR PROTECTIVE ORDER

The Plaintiff, John Doe, has moved for leave to proceed in pseudonym and for a protective order pursuant to Fed. R. Civ. P. 26(c)(1) in order to protect the identity of the Plaintiff and where there is no less drastic means available to do so.

## INTRODUCTION

This case is brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., which protects consumers from exposure of private or inaccurate facts. The FCRA acknowledges the importance of confidentiality in its description of the purpose of the Act:

> It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the ***confidentiality, accuracy, relevancy, and proper utilization of such information*** in accordance with the requirements of this subchapter.

1

15 U.S.C. § 1681(b) (emphasis supplied).

The FCRA itself provides that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4). In order to protect consumers as fully as possible from unwarranted disclosures, the FCRA provides for statutory penalties, as well as recovery of compensatory damages and punitive damages and attorney-fee-shifting provisions.

## FACTS

The very nature of this case elucidates why Plaintiff is entitled to protection and should be permitted to proceed pseudonymously. Plaintiff was denied a contractors license from the State of North Carolina and suffered significant economic injuries and non-economic injuries such as physical injury and sickness due to emotional distress, because Defendants sold a consumer report to North Carolina falsely indicating that Plaintiff was convicted of multiple crimes. ECF 1.

The problem is that even if such convictions once existed, they have all been expunged; entitling the Plaintiff to be free from the prejudice and public scorn that results from a criminal record. Nevertheless, Defendants appeared to have recklessly or intentionally published expunged records into a report that was used by the State of North Carolina to deny the Plaintiff the general contractors license he intended to use to earn a living.

In North Carolina, expunction has two important effects: (1) the deletion of the case(s) from public records; and (2) a restoration of the person to the status he enjoyed

2

prior to the proceedings. The Expunction statute specifically requires private businesses such as the Defendants to delete all such records that have been expunged. N.C. Gen. Stat. § 15A-152(a). For among other reasons, expunction was adopted as a way for the State of North Carolina to address recidivism through employment opportunity, remove bias, address negative emotional and psychological impacts, inhibition of self-sufficiency, and curtailment of economic growth. Exec. Order 158. Gov. Roy Cooper, Aug. 18, 2020.

To enforce his congressionally-mandated protections relating to accuracy in consumer reports under the FCRA and to enjoy the protections of North Carolina law, Plaintiff must commence a lawsuit that has the effect of associating himself with the expunged convictions and etching that false LexisNexis-generated impression into the public record, which further exposes him to strongly adverse future consequences with respect to future employment prospects, licensing, professional and social relationships, and other opportunities.

Put simply, without the use of a pseudonym, Plaintiff will not be permitted to avail himself of the FCRA-granted remedies without visiting upon himself the same harm (although to a greater degree) from which the FCRA provides protection. Thus, unless Plaintiff is permitted to proceed in pseudonym, he will likely be prevented from vindicating his rights.

Plaintiff has every reason to believe, as borne out by his own experience, that a person associated with criminal records face drastically increased difficulty in finding and securing gainful employment, including self-employment when state licensure is denied. Additionally, Plaintiff has every reason to believe that if other people, including current

3

and future employers, believed that he was associated with these crimes, it would harm his reputation, his financial condition, and his relationships.

## ARGUMENT

In deciding whether to grant permission for a litigant to proceed in pseudonym, a court must balance the important public interests and compelling interests in personal privacy and anonymity. *Doe v. Public Citizen,* 749 F.3d 246, 273 (4th Cir. 2014). In determining whether to allow a party to proceed under a pseudonym, a court must balance "the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id*. at 274. To assist with this inquiry, the Fourth Circuit has identified the following non-exhaustive list of relevant factors: "(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 1993). Noting that transgender individuals face particular societal stigma, courts have considered a person's transgender status and gender identity to be important factors in permitting plaintiffs to proceed anonymously. *See Bd. of Educ. of the Highland Local School Dist. v. U.S. Dep't of Ed.,* No. 2:16-CV 524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016) (citing *Doe v.*

4

*Frank*, 951 F.2d 320, 324 (11th Cir. 1992); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 72-74 (D.R.I. 1992) ("a transsexual, plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion.")). Others who have been permitted to proceed in pseudonym include: survivors of sexual assault, *Doe v. CoreCivic, Inc.*, No. 4:20-cv-01828, 2020 U.S. Dist. LEXIS 117489, at 4 (S.D. Tex. July 6, 2020), cases involving "use of birth control, seeking an abortion, or homosexuality," *Doe v. McKesson*, 322 F.R.D. 456, 457 (M.D. La. 2017), and cases involving "[p]rayer and personal religious beliefs," *Doe v. El Paso Cty. Hosp. Dist.*, No. EP-13-CV-00406-DCG, 2015 U.S. Dist. LEXIS 46081, at *10 (W.D. Tex. Apr. 1, 2015). These factors weigh heavily in favor of Plaintiff Doe's motion to proceed under pseudonym.

Applying the relevant *James v. Jacobson* factors to this case leads to the conclusion that the public interest in favor of open judicial proceedings is far outweighed by Plaintiff's interest in keeping his identity private to protect himself from further economic and reputational harm. Nearly every Plaintiff has an interest in protecting his privacy, preventing embarrassment and loss of employment. *Hesed-el v. Worker*, Civ. 1:21CV302-MR-WCM, 2022 U.S. Dist. LEXIS 170267, at *14 (W.D.N.C. July 12, 2022). However, in this case, the Plaintiff has attained expunction, there is a strong North Carolina public policy interest in keeping that information from public view, which distinguishes this from garden variety concern over annoyance and embarrassment from litigation information being made public.

The public interest in knowing the identity of the Plaintiff does not extend beyond the basic public interest in keeping legal proceedings transparent, in general. There is

5

nothing about the Plaintiff's identity or status which elevates the public interest in this case. Defendant will be able to fully and fairly litigate against Plaintiff without publicly revealing his identity. On the other hand, the harm to Plaintiff in having his identity revealed is near-certain and severe. It includes not only social stigma, but also a significant impairment of his future employment possibilities. Information associating him with criminal convictions would become publicly available and easily accessible through a simple docket search. "[I]n today's internet age, the docket filings [for this case] are likely to remain pervasively available." *A.D. v. Wyndham Hotels & Resorts*, No. 4:19cv120, 2020 U.S. Dist. LEXIS 163851, at *5 (E.D. Va. Mar. 20, 2020) (quotation omitted). That is, Plaintiff's litigating to hold Defendants accountable for falsely associating him with the criminal records will have the effect of massively distributing the very same falsehood. Unless permitted to proceed in pseudonym, Plaintiff's action would be the equivalent of attaching a bullhorn to Defendants' falsity that was heretofore in limited, though injurious, circulation.

The usual public interest in open judicial proceedings is tempered by the public's conflicting interest in allowing litigants to vindicate their rights under federal law (in this case, the FCRA) without visiting upon themselves the same injury for which they are suing. That is, an order denying permission to proceed in pseudonym in this case would have a chilling effect on any consumer's ability to vindicate her rights where criminal records are improperly reported. An adverse decision here would thwart the public's interest in ensuring that consumers receive the protections of the FCRA and are permitted access to the judicial system to vindicate those rights. "Further, while the issues in this litigation present matters which may garner some public interest, that public interest can be met

6

without the necessity of disclosure of the plaintiff's identity." *Jones v. Oss Orthopaedic Hosp.*, 2016 U.S. Dist. LEXIS 89787 at *4.

Fed. R. Civ. P. 26(c) provides, in relevant part, that "for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Pursuant to this authority, Plaintiff seeks an order protecting his privacy and confidentiality throughout the proceedings and to avoid disclosure of his identity so as to avoid making his expunged record public, consistent with the North Carolina expunction law and public policy. Specifically, Plaintiff asks this Court to permit him to proceed in this Court in pseudonym. In the event that Plaintiff's true identity must be revealed in these proceedings, Plaintiff requests this Court enter a protective order which would require any reference to his true identity or identifying information to be filed under seal.

This the 12th day of June, 2023.

Respectfully submitted,

MAGINNIS HOWARD
*Attorneys for Plaintiff*

*/s/ Karl S. Gwaltney*
KARL S. GWALTNEY
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, North Carolina 27615
Tel:   919-526-0450
Fax:   919-882-8763
kgwaltney@maginnishoward.com
*LCvR Rule 83.1 Local Counsel*

7

_/s/ Susan M. Rotkis_
Susan M. Rotkis, Virginia State Bar 40693
Arizona State Bar 032866
Consumer Attorneys
2290 East Speedway Boulevard
Tucson, AZ 85719
srotkis@consumerattorneys.com
T:602-807-1504

_Attorney for Plaintiff, Pro Hac Vice Admission Forthcoming_